Kelly J. Brinkman, Esq. (Nevada Bar No. 6238)
GOOLD PATTERSON
1975 Village Center Circle, Ste. 140
Las Vegas, NV 89134
Telephone: (702) 436-2600
Facsimile: (702) 436-2650
Email: kbrinkman@gooldpatterson.com

*Electronically Filed*
*August 4, 2017*

Christin A. Batt, Esq. (SBN 222584)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile (858) 454-9596
E-mail:  christinb@flgsd.com

Proposed Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>BOMOR ENTERPRISES, LLC,<br><br>    Debtor. | Case No.: 17-50421-btb<br><br>Adv. No.: 17-05036-btb |
| LESLIE T. GLADSTONE, Chapter 11 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>BOMOR ENTERPRISES, LLC, a Nevada limited liability company; RUFFIN ROAD VENTURE LOT 3, a Nevada corporation; RUFFIN ROAD VENTURE LOT 6, a Nevada corporation; and STEWART TITLE OF CALIFORNIA, INC.,<br><br>    Defendants. | **_EMERGENCY_ EX PARTE APPLICATION OF LESLIE T. GLADSTONE, CHAPTER 11 TRUSTEE, FOR TEMPORARY RESTRAINING ORDER AND ISSUANCE OF ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE AGAINST DEFENDANTS TO PREVENT SUBORDINATION OF ESTATE'S INTEREST IN LIENS ON REAL PROPERTIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   August 4, 2017<br>Time:   3:00 p.m.<br>Ctrm:   No. 2, USBC, 300 Booth St., Reno, NV<br>Chief Judge:  Hon. Bruce T. Beesley |

FINANCIAL
LAW GROUP

i                                IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION

Leslie T. Gladstone, the chapter 11 trustee (the "**Trustee**"), submits this emergency ex parte application for temporary restraining order ("**TRO**") and for issuance of order to show cause ("**OSC**") why preliminary injunction should not be issued against the above-described defendants (the "**Defendants**") to prevent subordination of the Estate's liens in certain real properties and for related orders (the "**Application**").

This Application is supported by the Declaration of Leslie T. Gladstone, filed concurrently herewith, and by the following memorandum of points and authorities.[1]

# I.
# INTRODUCTION

Today, the Trustee filed her Complaint for (1) Avoidance and Recovery of Postpetition Transfer; (2) Declaratory Relief; and (3) Cancellation of Written Instrument against Bomor Enterprises, LLC ("**Debtor**" or "**Bomor**"), Ruffin Road Venture Lot 3 ("**RRV3**"), Ruffin Road Venture Lot 6 ("**RRV6**"), and Stewart Title of California, Inc. ("**Stewart Title**").

Pursuant to Federal Rules of Civil Procedure 65(a), made applicable in this bankruptcy case by Federal Rules of Bankruptcy Procedure 7065, the Trustee seeks injunctive relief enjoining RRV3, RRV6, and Stewart Title from disbursing funds to San Diego County Credit Union ("**SDCCU**") and/or third parties and from closing the escrow opened by RRV3 and RRV6 on the refinance of SDCCU's loans if such refinance relies on or is otherwise related to the Subordination Agreement, described below.  In the event that the Subordination Agreement is vacated and expunged from the record, the Trustee acknowledges that such injunctive relief is not necessary.

The Trustee can satisfy all elements of the test to determine whether a TRO/preliminary injunction may be issued.  There is a substantial likelihood that the Trustee will prevail on her claims regarding avoidance and cancellation of the Subordination Agreement.  This estate will suffer irreparable harm if injunctive relief is not granted, which more than outweighs any potential

---

[1]   The Trustee respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence, made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the case docket for the above-captioned case and each of the pleadings and other documents on file in the case, and the exhibits attached to the Gladstone Declaration.

FINANCIAL
LAW GROUP

1                                IN RE BOMOR ENTERPRISES, LLC
                                 CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION

harm to RRV3 or RRV6.  Finally, it is in the public interest that injunctive relief be granted.  Accordingly, the Court should order RRV3 and RRV6 to show cause why a preliminary injunction should not be issued during the pendency of this adversary proceeding.

In the meantime, pursuant to Federal Rules of Civil Procedure 65(b), the Court should issue a TRO on an emergency ex parte basis until a noticed hearing on the OSC can been held.  Otherwise, there is a danger that the refinance will be consummated in reliance on the fraudulently recorded Subordination Agreement, causing irreparable harm to the Estate's liens on the real properties during the interim notice period.

Finally, Federal Rules of Bankruptcy Procedure 7065 exempts the Trustee from the requirement of posting a security to pay any costs and/or damages sustained by any party who has been wrongfully enjoined.

Accordingly, the Court should:  (1) grant the Trustee's Application; (2) issue a TRO on an ex parte basis enjoining RRV3, RRV6, and Stewart Title from closing the refinance, if such refinance is made in reliance on the unauthorized and fraudulent Subordination Agreement, pending the granting or denial of a preliminary injunction; and (3) issue an OSC ordering the Defendants to show cause why a preliminary injunction should not issue continuing the relief described in (2) above pending this adversary proceeding, and to set a hearing date for this purpose.

## II.

## STATEMENT OF FACTS

On April 9, 2017 (the "**Petition Date**"), Bomor filed a voluntary petition under chapter 11 of the Bankruptcy Code.

On June 14, 2017, the Bankruptcy Court entered its Order directing the appointment of a chapter 11 trustee.  On June 23, 2017, the Trustee was appointed as chapter 11 trustee to represent the interests of Bomor's estate (the "**Estate**") in connection with Bomor's case.

RRV3 is the owner of certain real property located at 3655 Ruffin Road, San Diego, CA 92123 (the "**RRV3 Property**").  The RRV3 Property is encumbered by a Deed of Trust in favor of SDCCU, securing payment of a debt in the approximate amount of $1,482,381.50.

/ / /

Financial Law Group

2

IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION

1      RRV6 is the owner of certain real property located at 3645 Ruffin Road, San Diego, CA 92123 (the "**RRV6 Property**"). The RRV6 Property is encumbered by a Deed of Trust in favor of SDCCU, securing payment of a debt in the approximate amount of $1,796,241.65.

     Property of the Estate includes the Debtor's right, title, and interests in:

     (a)      a lien on the RRV3 Property that is junior to SDCCU's lien and

     (b)      a lien on the RRV6 Property that is junior to SDCCU's lien.

     The Trustee learned that RRV3 and RRV6 desire to refinance their loans from SDCCU, have negotiated one or more loans from a new lender (the "**Refinance**"), and opened escrow with Stewart Title to complete the Refinance. The Trustee participated in what was supposed to be a step one of the Refinance and consented to a discounted payoff agreement by and between SDCCU, RRV3, and RRV6 (the "**Payoff Agreement**").

     On August 1, 2017, a hearing was held by the Court to approve the Payoff Agreement.

     Upon entry of the Court order on the Payoff Agreement, the Estate's lien priority would improve in direct proportion to the amount of SDCCU's pay out on each of its loans secured by the RRV3 Property and the RRV6 Property. The Trustee then intended to investigate and negotiate appropriate terms for a possible subordination of the Bomor liens to the new lender.

     The Trustee learned that one day AFTER entry of the Order to Appoint a Chapter 11 Trustee, Bomor fraudulently and without authority to act on behalf of the Estate, executed a Subordination Agreement, purporting to subordinate the Estate's liens on the RRV6 Property to The Evergreen Advantage Management, Inc., the new lender apparently providing funds for the Refinance. The Trustee is informed and believes that Bomor also fraudulently and without authority to act on behalf of the Estate may have executed a Subordination Agreement on the RRV3 Property. These Subordination Agreements were entered into for the benefit of RRV3 and RRV6 and not for the benefit of the Estate. A true and correct copy of the Subordination Agreement for the RRV6 Property is attached to the Gladstone Declaration as Exhibit A and incorporated herein.

     The Trustee is informed that Bomor and/or Stewart Title caused the Subordination Agreement(s) to be recorded on the RRV3 Property and the RRV6 Property on July 31, 2017, prior even to approval of the Payoff Agreement.

FINANCIAL LAW GROUP

3      IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION

In her Complaint, the Trustee alleges that subordination of the Estate's liens constitutes a "transfer" as that term is defined in 11 U.S.C. Section 101(54). Bomor lacked authority from the chapter 11 trustee and the Bankruptcy Court to execute and record the Subordination Agreement(s). The Subordination Agreement(s) are avoidable by the Trustee as an unauthorized postpetition transfer under 11 U.S.C. Section 549, and the Subordination Agreement(s) or the value thereof is recoverable by the Trustee for the benefit of the estate.

The Trustee seeks to enjoin RRV3, RRV6, and Stewart Title from closing the Refinance if such Refinance is made in reliance on the unauthorized and fraudulent Subordination Agreement(s).

### III.

### ARGUMENT

**A.    THE TRUSTEE IS ENTITLED TO A TRO AND PRELIMINARY INJUNCTION**

Federal Rules of Civil Procedure 65, applicable in this adversary proceeding by Federal Rules of Bankruptcy Procedure 7065, provides that the court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. Proc. 65(a).

Injunctive relief is appropriate in an action that seeks equitable relief, such as restraining consummation of the Refinance to prevent the wrongful subordination of the Estate's liens on the RRV3 Property and the RRV6 Property. *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1364 (9th Cir. 1988). A prohibitory injunction prevents parties from taking action and "preserves the status quo pending a determination of the action on the merits." *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988); *see Heckler v. Lopez*, 463 U.S. 1328, 1333, 104 S. Ct. 10, 77 L. Ed. 2d 1431 (1983) (stating that a prohibitory injunction "freezes the positions of the parties until the court can hear the case on the merits").

The traditional criteria for a preliminary injunction are "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." *Morgan-Busby v. Gladstone (In re Morgan-Busby)*, 272 B.R. 257, 261 (9th Cir. BAP 2002) (quoting *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir.1995) (citation and parenthesis omitted).

FINANCIAL LAW GROUP

4    IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION

1    Alternatively, a preliminary injunction may issue if the moving party demonstrates "(1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor." *Id.* (quoting *A & M Records v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001) (citation omitted)).

In applying this test, the amount of irreparable harm and the probability of success on the merits are inversely related. "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* (quoting *A & M Records*, 239 F.3d at 1013) (internal quotation marks and citation omitted). Simply stated, a stronger showing on the merits will reduce the movant's burden of demonstrating irreparable harm and vice versa. *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 965 (9th Cir. 2002). "Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Gilder v. PGA Tour, Inc.,* 936 F.2d 417, 422 (9th Cir. 1991) (internal citations omitted). A serious question exists where "the moving party has 'a fair chance of success on the merits.'" *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

In this case, the Trustee can satisfy the required elements under either formulation of the test to determine whether the issuance of a TRO and a preliminary injunction are appropriate. Accordingly, the Court should issue an order directing Defendants to show cause why a preliminary injunction should not issue and set the matter for hearing.

**B.    THE TRUSTEE IS LIKELY TO SUCCEED ON THE MERITS**

There is a substantial likelihood that the Trustee will succeed on the merits of her complaint.

It is undisputed the Bomor's interest in its liens on the RRV3 Property and the RRV6 Property are property of the Estate and that Bomor sought to subordinate those liens after the Petition Date and without authority from the Court. Furthermore, Bomor sought to subordinate those liens *after* the Court directed the appointment of a chapter 11 trustee, despite being divested from representing the Estate as debtor-in-possession.

/ / /

/ / /

FINANCIAL LAW GROUP

5    IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION

### 1. The Estate Will Suffer Irreparable Injury If a Preliminary Injunction Is Not Granted.

Bomor's unauthorized subordination of the Estate's liens will cause irreparable damage to the Estate if the Refinance is consummated and escrow closed in reliance on such subordination. The Refinance, absent subordination of the Estate's liens, will result in an improvement of the Estate's lien priority in direct proportion to the amount of SDCCU's pay out on each of its loans secured by the RRV3 Property and the RRV6 Property. Conversely, it appears that the Subordination Agreement(s) attempts to lower the Estate's priority on the RRV6 Property to a new $2.220 million loan. The wrongful subordination will therefore damage the Estate's lien priority and potentially remove any equity in favor of the Estate.

Accordingly, the estate will suffer irreparable harm if injunctive relief is not granted.

### 2. The Balance of the Hardships Tips in the Estate's Favor.

The harm, if any, RRV3 and/or RRV6 will suffer if a preliminary injunction is granted does not outweigh the irreparable harm to the Estate if a preliminary injunction is not granted. RRV3 and RRV6 colluded with Bomor for execution of the unauthorized Subordination Agreement(s) for the sole benefit of RRV3 and RRV6. RRV3 and RRV6 should not benefit from circumventing the authority of the Bankruptcy Court and harming the Estate.

### 3. The Public Interest Favors Granting a Preliminary Injunction.

Federal courts are required to weigh the public interest implicated by a preliminary injunction/TRO. When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be "at most a neutral factor in the analysis rather than one that favor[s] [granting or] denying the preliminary injunction." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009) (quoting *Bernhardt v. L.A. County*, 339 F.3d 920, 931 (9th Cir. 2003). "If, however, the impact of an injunction reaches beyond the parties, carrying with it a potential for public consequences, the public interest will be relevant to whether the district court grants the preliminary injunction." *Id.* (quoting *Sammartano*, 303 F.3d at 965.)

In this case, the public interest will be furthered by the granting of injunctive relief. A preliminary injunction order here would have an impact on not simply the parties but also non-party

FINANCIAL LAW GROUP

6

IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION

creditors. At present, this bankruptcy Estate has no assets other than the liens on the RRV3 Property and RRV6 Property. If the Trustee prevails in her action and these liens are not subordinated—or if the Trustee is permitted the opportunity to negotiate a return for the Estate in exchange for subordination—creditors will receive a substantial or full distribution on their claims. The public has a significant interest in ensuring that debtors in bankruptcy are required to comply with the bankruptcy laws to satisfy debts for which they are liable.

The Trustee has satisfied the elements of both formulations of the test to determine whether the issuance of a preliminary injunction is appropriate. Accordingly, the Court should issue an order forthwith setting a hearing date for the Defendants to show cause why a preliminary injunction should not issue.

**C.   IN THE MEANTIME, THE COURT SHOULD ISSUE A TRO ON AN EMERGENCY EX PARTE BASIS.**

Federal Rules of Civil Procedure 65, made applicable by Federal Rules of Bankruptcy Procedure 7065, provides in relevant part:

> (b)   Temporary Restraining Order.
> (1)   Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. Proc. 65(b).

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales' Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 & fn.7 (9th Cir. 2001).

/ / /

/ / /

FINANCIAL LAW GROUP

7    IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION

1   This Court has the authority, and just cause exists, to issue a TRO in this case. As set forth above, the Trustee has satisfied all the conditions for issuance of a preliminary injunction and accordingly for a TRO.

The Trustee has also satisfied the additional requirements set forth in Rule 65(b) for the issuance of the TRO on an ex parte basis. As is set forth in detail in this Application and the accompanying declaration, the unauthorized Subordination Agreement(s) threaten the Estate's interests in its liens on real property and the Trustee has provided notice of the Complaint and this Application to Kevin Tucker (the principal of RRV3 and RRV6), and to the counsel of record for Bomor, RRV3, RRV6, SDCCU, and the U.S. Trustee. The Trustee has also provided notice to the title officer at Stewart Title.

**D.   THE TRUSTEE IS NOT REQUIRED TO POST SECURITY.**

In general, courts may only issue a preliminary injunction or TRO if the movant complies with Rule 65(c) by giving security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Fed. R. Civ. P. 65(c); *Official Committee of Unsecured Creditors v. Nilson (In re Woodside Grp. LLC),* 427 B.R. 817, 850 (Bankr. C.D. Cal. 2010). The Trustee, however, is exempt from this requirement. Fed. R. Bankr. Proc. 7065 ("Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c).")

Accordingly, the posting of security should not be a condition for this Court to issue a TRO and/or a preliminary injunction.

**E.   THE TRUSTEE IS THE PROPER PARTY TO SIGN ANY SUBORDINATION AGREEMENT.**

As the Court is aware, the parties met to negotiate a payoff of SDCCU's senior lien on the RRV3 Property and the RRV6 Property. The Trustee understood this meeting to be step one of the overall resolution, with step two to be a negotiation by and between the Trustee, RRV3, and RRV6 as to appropriate terms for possible subordination of the Bomor liens. Instead, the Defendants have attempted to do an end run around the Court and the Trustee by fraudulently submitting

FINANCIAL LAW GROUP

8    IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION

subordination agreement(s) to title that were not approved by the Court or the Trustee and that apparently do nothing to assure payment to the Estate's creditors. The subordination agreement(s), in fact, worsen the Estate's position from what it was prior to the Payoff Agreement.

The Trustee does not have adequate information to determine if subordination agreements are appropriate in this case. The Trustee has not been provided with the new lender's loan agreement and, in fact, was not even provided with the new lender's name or corporate status.[2] These and other due diligence documents have been requested by the Trustee but have not been provided.

In addition, the subordination agreements purport to bind third parties as to which there is apparently no privity of contract. As the Court may recall, Bomor holds either a 50% or a 83% fractional interest in the second priority lien on the RRV6 Property; the other fractional interest holders of record are Edward G. Kopp and Kerstin Kopp Thee (the "**Kopp Lien**") and Harv H. Wayman and Kim M. Wyman (the "**Wyman Lien**"). The Ruffin Parties have claimed that they obtained an assignment of the Kopp Lien sometime prior to the filing of the bankruptcy by the Debtor. However, the only assignment of the Kopp Lien was just discovered by the Trustee to be recorded on July 31, 2017, and the Trustee has not been provided with any assignment documentation or evidence of consideration, despite numerous requests. If there is no valid assignment, the Subordination Agreement which purports to bind the Kopp Lien may give rise to a claim against the Estate by Kopp. Notwithstanding the foregoing, Kopp has not apparently been noticed of the bankruptcy filing or the claims bar date.

Even if the assignment of the Kopp Lien is valid, the Subordination Agreement also purports to bind the Wymans, another fractional lien interest holder. There is no alleged assignment of the Wyman Lien to Bomor. Instead, Bomor apparently relies on a servicing agreement it executed at some time in the past with a third party loan servicer. However, Wyman is not a party

---

[2] On August 4, 2017, the Trustee conducted a search of the County records and found the Subordination Agreement recorded on July 31, 2017. No subordination agreement has yet been found for RRV3.

FINANCIAL LAW GROUP

9    IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION

or signatory to the Bomor servicing agreement and the Trustee is not aware of any other documents that allow Wyman to be bound by the Subordination Agreement.[3]

The claims bar date in this case is August 14, 2017, and the Trustee needs various documents provided and events to occur in order to determine if subordination agreements are proper. The Trustee requests that the parties be restrained from taking any action towards closing of the Refinance until the claims and requested documents can be provided and reviewed. The Trustee further requests that the Debtor be ordered to give notice to Kopp of the bankruptcy petition and claims bar date and to provide all documents requested by the Trustee no later than August 7, 2017. The Trustee further requests that a hearing on a preliminary injunction be set for August 18, 2017, or the first available date thereafter, to determine further appropriate relief for the Bomor estate and its creditors.

## IV.

## **CONCLUSION**

In light of the foregoing, the Trustee respectfully requests that the Court:

(1) grant the Trustee's Application;

(2) issue a TRO on an ex parte basis enjoining RRV3, RRV6, and Stewart Title from closing the Refinance if the Refinance is made in reliance on the unauthorized and fraudulent Subordination Agreement(s) pending the granting or denial of a preliminary injunction;

(3) issue an OSC ordering the Defendants to show cause why a preliminary injunction should not issue continuing the relief described in (2) above pending this adversary proceeding, and to set a hearing date for this purpose; and

(4) grant such other related relief and/or orders that the Court deems just and proper.

---

[3] It may be that there are sufficient grounds to bind Wyman in a properly negotiated and Court approved subordination agreement. However, as yet, the Trustee has not been provided with sufficient documentation and/or legal authority in order to justify that conclusion and the Wymans have not been provided proper notice of the Subordination Agreement. The Trustee has also been informed that the Wymans intend to file a claim against the estate prior to the bar date.

FINANCIAL LAW GROUP

10

IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION

In addition, the Trustee requests that the Debtor be ordered to give notice to Kopp of the bankruptcy petition and claims bar date and to provide all documents requested by the Trustee no later than August 7, 2017.

The Trustee further requests that a hearing on a preliminary injunction be set for August 18, 2017, or the first available date thereafter, to determine further appropriate relief for the Bomor Estate and its creditors.

Respectfully submitted,

FINANCIAL LAW GROUP

Dated: August 4, 2017        By:   /s/ Christin A. Batt
                                    Christin A. Batt, Esq.
                                    Proposed Attorneys for Leslie T. Gladstone, Trustee

FINANCIAL LAW GROUP

11    IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND OSC FOR PRELIMINARY INJUNCTION