Kelly J. Brinkman, Esq. (Nevada Bar No. 6238)
GOOLD PATTERSON
1975 Village Center Circle, Ste. 140
Las Vegas, NV 89134
Telephone: (702) 436-2600
Facsimile: (702) 436-2650
Email: kbrinkman@gooldpatterson.com

Christin A. Batt, Esq. (SBN 222584)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile (858) 454-9596
E-mail: christinb@flgsd.com

*Electronically Filed*
*August 4, 2017*

Proposed Attorneys for Leslie T. Gladstone, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br><br> BOMOR ENTERPRISES, LLC, <br><br> Debtor. | Case No.: 17-50421-btb <br><br> Adv. No.: 17-05036-btb |
| LESLIE T. GLADSTONE, Chapter 11 Trustee, <br><br> Plaintiff, <br><br> v. <br><br> BOMOR ENTERPRISES, LLC, a Nevada limited liability company; RUFFIN ROAD VENTURE LOT 3, a Nevada corporation; RUFFIN ROAD VENTURE LOT 6, a Nevada corporation; and STEWART TITLE OF CALIFORNIA, INC., <br><br> Defendants. | **DECLARATION OF LESLIE T. GLADSTONE, CHAPTER 11 TRUSTEE IN SUPPORT OF _EMERGENCY_ EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ISSUANCE OF ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE AGAINST DEFENDANTS TO PREVENT SUBORDINATION OF ESTATE'S INTEREST IN LIENS ON REAL PROPERTIES** <br><br> Date:  August 4, 2017 <br> Time:  3:00 p.m., <br> Ctrm:  No. 2, USBC, 300 Booth St., Reno, NV <br> Honorable Bruce T. Beesley |

FINANCIAL
LAW GROUP

i                    IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
GLADSTONE DECLARATION RE EMERGENCY MOTION FOR TRO AND OSC FOR PRELIMINARY INJUNCTION

I, LESLIE T. GLADSTONE, declare:

1. I am the chapter 11 trustee for the bankruptcy estate of Bomor Enterprises, LLC (the "**Debtor**" or "**Bomor**"). All the information contained herein is within my personal knowledge, except for those matters alleged on information and belief and as to those matters I believe them to be true. If called as a witness, I could competently testify thereto.

2. I submit this Declaration in Support of my Emergency Ex Parte Application for Temporary Restraining Order and Issuance of Order to Show Cause Why Preliminary Injunction Should Not Issue Against Defendants to Prevent Subordination of Estate's Interest in Liens on Real Properties.

3. Today, I filed my Complaint for (1) Avoidance and Recovery of Postpetition Transfer; (2) Declaratory Relief; and (3) Cancellation of Written Instrument against Bomor Enterprises, LLC ("**Debtor**" or "**Bomor**"), Ruffin Road Venture Lot 3 ("**RRV3**"), Ruffin Road Venture Lot 6 ("**RRV6**"), and Stewart Title of California, Inc. ("**Stewart Title**").

4. Pursuant to Federal Rules of Civil Procedure 65(a), made applicable in this bankruptcy case by Federal Rules of Bankruptcy Procedure 7065, I seek injunctive relief enjoining RRV3, RRV6, and Stewart Title from disbursing funds to San Diego County Credit Union ("**SDCCU**") and/or third parties and from closing the escrow opened by RRV3 and RRV6 on the refinance of SDCCU's loans if such refinance relies on or is otherwise related to the Subordination Agreement, described below. In the event that the Subordination Agreement is vacated and expunged from the record, I acknowledge that such injunctive relief is not necessary.

5. I am informed and believe that on April 9, 2017 (the "**Petition Date**"), Bomor filed a voluntary petition under chapter 11 of the Bankruptcy Code.

6. On June 14, 2017, the Bankruptcy Court entered its Order directing the appointment of a chapter 11 trustee. On June 23, 2017, I was appointed as chapter 11 trustee to represent the interests of Bomor's estate (the "**Estate**") in connection with Bomor's case.

7. I am informed and believe that RRV3 is the owner of certain real property located at 3655 Ruffin Road, San Diego, CA 92123 (the "**RRV3 Property**") and that the RRV3 Property is

FINANCIAL
LAW GROUP

1                                                          IN RE BOMOR ENTERPRISES, LLC
                                                           CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
GLADSTONE DECLARATION RE EMERGENCY MOTION FOR TRO AND OSC FOR PRELIMINARY INJUNCTION

1  encumbered by a Deed of Trust in favor of SDCCU, securing payment of a debt in the approximate
2  amount of $1,482,381.50.

3        8.    I am informed and believe that RRV6 is the owner of certain real property located at
4  3645 Ruffin Road, San Diego, CA 92123 (the "**RRV6 Property**") and that the RRV6 Property is
5  encumbered by a Deed of Trust in favor of SDCCU, securing payment of a debt in the approximate
6  amount of $1,796,241.65.

7        9.    Property of the Estate includes the Debtor's right, title, and interests in:
8            (a)    a lien on the RRV3 Property that is junior to SDCCU's lien and
9            (b)    a lien on the RRV6 Property that is junior to SDCCU's lien.

10       10.    I am informed and believe that RRV3 and RRV6 desire to refinance their loans from
11 SDCCU, have negotiated one or more loans from a new lender (the "**Refinance**"), and opened
12 escrow with Stewart Title to complete the Refinance.

13       11.    I participated in what was supposed to be a step one of the Refinance and consented
14 to a discounted payoff agreement by and between SDCCU, RRV3, and RRV6 (the "**Payoff**
15 **Agreement**").  On August 1, 2017, a hearing was held by the Court to approve the Payoff
16 Agreement.

17       12.    Upon entry of the Court order on the Payoff Agreement, the Estate's lien priority
18 would improve in direct proportion to the amount of SDCCU's pay out on each of its loans secured
19 by the RRV3 Property and the RRV6 Property.  I then intended to investigate and negotiate
20 appropriate terms for a possible subordination of the Bomor liens to the new lender.

21       13.    I learned that one day AFTER entry of the Order to Appoint a Chapter 11 Trustee,
22 Bomor fraudulently and without authority to act on behalf of the Estate, executed a Subordination
23 Agreement, purporting to subordinate the Estate's liens on the RRV6 Property to The Evergreen
24 Advantage Management, Inc., the new lender apparently providing funds for the Refinance.  I am
25 informed and believe that Bomor also fraudulently and without authority to act on behalf of the
26 Estate may have executed a Subordination Agreement on the RRV3 Property.  I am informed and
27 believe that these Subordination Agreements were entered into for the benefit of RRV3 and RRV6
28

FINANCIAL LAW GROUP

2      IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
GLADSTONE DECLARATION RE EMERGENCY MOTION FOR TRO AND OSC FOR PRELIMINARY INJUNCTION

1  and not for the benefit of the Estate.  A true and correct copy of the Subordination Agreement for
2  the RRV6 Property is attached hereto as <u>Exhibit A</u> and incorporated herein.

3  14.  It appears that the Subordination Agreement(s) attempts to lower the Estate's priority
4  on the RRV6 Property to a new $2.220 million loan.

5  15.  I am informed and believe that Bomor and/or Stewart Title caused the Subordination
6  Agreement(s) to be recorded on the RRV3 Property and the RRV6 Property on July 31, 2017, prior
7  even to approval of the Payoff Agreement.

8  16.  In my Complaint, I allege that subordination of the Estate's liens constitutes a
9  "transfer" as that term is defined in 11 U.S.C. Section 101(54).

10  17.  Bomor lacked authority from me, as chapter 11 trustee, and the Bankruptcy Court to
11  execute and record the Subordination Agreement.  The Subordination Agreement is avoidable as an
12  unauthorized postpetition transfer under 11 U.S.C. Section 549, and the Subordination Agreement
13  or the value thereof is recoverable for the benefit of the estate.

14  18.  I seek to enjoin RRV3, RRV6, and Stewart Title from closing the Refinance if such
15  Refinance is made in reliance on the unauthorized and fraudulent Subordination Agreement.

16  19.  A preliminary injunction order here would have an impact on not simply the parties
17  but also non-party creditors.  At present, this bankruptcy Estate has no assets other than the liens on
18  the RRV3 Property and RRV6 Property.  If I prevail in my action and these liens are not
19  subordinated—or if I am permitted the opportunity to negotiate a return for the Estate in exchange
20  for subordination—creditors will receive a substantial or full distribution on their claims.  The
21  public has a significant interest in ensuring that debtors in bankruptcy are required to comply with
22  the bankruptcy laws to satisfy debts for which they are liable.

23  20.  I have provided notice of the Complaint and this Application to Kevin Tucker (the
24  principal of RRV3 and RRV6), and to the counsel of record for Bomor, RRV3, RRV6, SDCCU,
25  and the U.S. Trustee.  I also provided notice to the title officer at Stewart Title. As required by the
26  Court, I contacted the parties listed below regarding my Application and advised that a hearing on
27  said Application will be held today, Friday, August 4, 2017, at 3:00 p.m., in Courtroom 2, before
28  the Honorable Bruce T. Beesley:

FINANCIAL
LAW GROUP

3                IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
GLADSTONE DECLARATION RE EMERGENCY MOTION FOR TRO AND OSC FOR PRELIMINARY INJUNCTION

| Name | Date Contacted | Agreed to Appear Telephonically or in Person |
|---|---|---|
| J. Barrett Marum | 8/4/17 @ 6:19 a.m. and 8:59 a.m. | Yes |
| Bill Cossitt | 8/4/17 @ 6:19 a.m. and 8:59 a.m. | Yes |
| Illyssa I. Fogel | 8/4/17 @ 6:19 a.m. and 8:59 a.m. | Yes |
| Evan Smith | 8/4/17 @ 6:19 a.m. and 8:59 a.m. | Yes |
| Kevin Tucker | 8/4/17 @ 6:19 a.m. and 8:59 a.m. | No response |
| Dayna A. Chillas | 8/4/17 @ 6:19 a.m. and 8:59 a.m. | Yes |
| Louis M. Bubala | 8/4/17 @ 6:19 a.m. and 8:59 a.m. | Yes |
| F. Green, Stewart Title | 8/4/17 @ 6:19 a.m. and 8:59 a.m. | No response |

21. As the Court is aware, the parties met to negotiate a payoff of SDCCU's senior lien on the RRV3 Property and the RRV6 Property. I understood this meeting to be step one of the overall resolution, with step two to be a negotiation by and between RRV3, RRV6, and me as to appropriate terms for possible subordination of the Bomor liens. Instead, the Defendants have attempted to do an end run around the Court and me by fraudulently submitting subordination agreement(s) to title that were not approved by the Court or me and that apparently do nothing to assure payment to the Estate's creditors. The subordination agreement(s), in fact, worsen the Estate's position from what it was prior to the Payoff Agreement.

22. I do not have adequate information to determine if subordination agreements are appropriate in this case. I have not been provided with the new lender's loan agreement and, in fact, was not even provided with the new lender's name or corporate status. I have requested these and other due diligence documents but they have not been provided.

23. On August 4, 2017, I conducted a search of the County records and found the Subordination Agreement recorded on July 31, 2017. No subordination agreement has yet been found for RRV3.

24. In addition, the subordination agreements purport to bind third parties as to which there is apparently no privity of contract. As the Court may recall, Bomor holds either a 50% or a 83% fractional interest in the second priority lien on the RRV6 Property; the other fractional interest holders of record are Edward G. Kopp and Kerstin Kopp Thee (the "**Kopp Lien**") and Harv H. Wayman and Kim M. Wyman (the "**Wyman Lien**"). The Ruffin Parties have claimed that they obtained an assignment of the Kopp Lien sometime prior to the filing of the bankruptcy by the Debtor. However, I just discovered that the only assignment of the Kopp Lien was recorded on

FINANCIAL LAW GROUP

4    IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
GLADSTONE DECLARATION RE EMERGENCY MOTION FOR TRO AND OSC FOR PRELIMINARY INJUNCTION

July 31, 2017, and I have not been provided with any assignment documentation or evidence of consideration, despite numerous requests. If there is no valid assignment, the Subordination Agreement which purports to bind the Kopp Lien may give rise to a claim against the Estate by Kopp. Notwithstanding the foregoing, Kopp has not apparently been noticed of the bankruptcy filing or the claims bar date.

25. Even if the assignment of the Kopp Lien is valid, the Subordination Agreement also purports to bind the Wymans, another fractional lien interest holder. There is no alleged assignment of the Wyman Lien to Bomor. Instead, Bomor apparently relies on a servicing agreement it executed at some time in the past with a third party loan servicer. However, Wyman is not a party or signatory to the Bomor servicing agreement and I am not aware of any other documents that allow Wyman to be bound by the Subordination Agreement.

26. It may be that there are sufficient grounds to bind Wyman in a properly negotiated and Court approved subordination agreement. However, as yet, I have not been provided with sufficient documentation and/or legal authority in order to justify that conclusion and the Wymans have not been provided proper notice of the Subordination Agreement. I have also been informed that the Wymans intend to file a claim against the estate prior to the bar date.

27. The claims bar date in this case is August 14, 2017, and I need various documents to be provided and events to occur in order to determine if subordination agreements are proper. I request that the parties be restrained from taking any action towards closing of the Refinance until the claims and requested documents can be provided and reviewed. I further request that the Debtor be ordered to give notice to Kopp of the bankruptcy petition and claims bar date and to provide all documents requested by me no later than August 7, 2017. I further request that a hearing on a preliminary injunction be set for August 18, 2017, or the first available date thereafter, to determine further appropriate relief for the Bomor estate and its creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2017, at La Jolla, California.

                                                                     /s/ Leslie T. Gladstone
                                                                     Leslie T. Gladstone

FINANCIAL LAW GROUP

5    IN RE BOMOR ENTERPRISES, LLC
CASE NO. 17-50421-btb; ADV. NO. 17-05036-btb
GLADSTONE DECLARATION RE EMERGENCY MOTION FOR TRO AND OSC FOR PRELIMINARY INJUNCTION

# Exhibit A

RECORDING REQUESTED BY
STEWART TITLE CALIFORNIA
01180-215543A

when recorded return and
mail tax statements to:

The Evergreen Advantage Management, Inc.
a California corporation
1424 4th Street, Suite 777
Santa Monica, CA 90401

APN: 421-380-06-00

DOC# 2017-0344182

Jul 31, 2017  10:12 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:   $30.00
PAGES: 6

# SUBORDINATION AGREEMENT

**NOTICE: THIS SUBORDINATION AGREEMENT RESULTS IN YOUR LIEN AGAINST THE PROPERTY BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE LIEN OF A SUBSEQUENT DEED OF TRUST.**

THIS AGREEMENT, is made on June 15, 2017, by and between Ruffin Road Venture Lot 6, a Nevada corporation, owner of the real property hereinafter described and hereinafter referred to as "Owner," and Bomor Enterprises, LLC., a Nevada corporation, hereinafter referred to as "Creditor.

### WITNESSETH:

WHEREAS, Creditor is the current beneficial owner and holder of an 83.34% fractional interest in a lien, hereinafter referred to as the "Creditor's Lien," encumbering real property situated in the City of San Diego, County of San Diego, commonly known as 3645 Ruffin Road, San Diego, California 92123 and more particularly described in Exhibit A which is attached hereto and made a part of this Agreement, which Creditor's Lien was recorded in the Office of the County Recorder of San Diego County on March 29, 2007, as document number 2007-210944, and;

WHEREAS, Owner has executed, or is about to execute, its promissory note in the approximate amount of two million two hundred twenty thousand dollars ($2,220,000.00) dated May 25, 2017 and secured by a deed of trust in favor of The Evergreen Advantage Management, Inc., hereinafter referred to as "Lender,' payable with interest and upon the terms and conditions described therein, which deed of trust is to be recorded concurrently herewith, and;

WHEREAS, it is a condition precedent to obtaining said loan that said deed of trust last above mentioned shall unconditionally be and remain at all times a lien or charge upon the land hereinbefore described, prior and superior to the lien or charge of the Creditor's Lien, and;

WHEREAS, Lender is willing to make said loan provided the deed of trust securing the same is a lien or charge upon the above described property prior and superior to the lien or charge of the Creditor's Lien and provided that Creditor will specifically and unconditionally subordinate the lien or charge of the Creditor's Lien to the lien or charge of the deed of trust in favor of Lender, and;

WHEREAS, it is in the mutual benefit of the parties hereto that Lender make such loan to Owner; and Creditor is willing that the deed of trust securing the same shall, when recorded, constitute a lien or charge upon said land which is unconditionally prior and superior to the lien or charge of the Creditor's Lien, and;

NOW THEREFORE, in consideration of the mutual benefits accruing to the parties hereto and other valuable consideration, the receipt and sufficiency of which consideration is hereby acknowledged, and in order to induce Lender to make the loan above referred to, it is hereby understood and agreed as follows:

1. That said deed of trust securing said note in favor of Lender, and any renewals or extensions thereof, shall unconditionally be and remain at all times a lien or charge on the property therein described prior and superior to the Creditor's Lien.

2. That Lender would not make its loan above described without this subordination agreement.

3. That this Agreement shall be the whole and only agreement between the parties hereto with regard to the subordination of the lien or charge of Creditor's Lien to the loan or charge of the deed of trust in favor of Lender above referred to and shall supersede and cancel any prior agreements as to such, or any, subordination including, but not limited to, those provisions, if any, contained in the deed of trust first above mentioned, which provide for the subordination of the lien or charge thereof to a deed or deeds of trust or to a mortgage or mortgages to be thereafter executed.

Creditor declares, agrees and acknowledges that:

a. Creditor consents to and approves (i) all provisions of the note and deed of trust in favor of Lender above referred to, and (ii) all agreements, including but not limited to any loan or escrow agreements, between Owner and Lender for the disbursement of the proceeds of Lender's loan;

b. Lender in making disbursements pursuant to any such agreement is under no obligation or duty to, nor has Lender represented that it will, see to the application of such proceeds by the person or persons to whom Lender disburses such proceeds and any application or use of such proceeds for purposes other than those provided for in such agreement or agreements shall not defeat the subordination herein made in whole or in part, and;

c. Creditor intentionally and unconditionally waives, relinquishes and subordinates the lien or charge of the Creditor's Lien in favor of the lien or charge upon said land of the deed of trust in favor of Lender and understands that in reliance upon, and in consideration of, this waiver relinquishment and subordination, specific loans and advances are being and will be made and, as part and parcel thereof, specific monetary and other obligations are being and will be entered into which would not be made or entered into but for said reliance upon this waive, relinquishment and subordination.

**[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**NOTICE: THIS SUBORDINATION AGREEMENT CONTAINS A PROVISION WHICH ALLOWS THE PERSON OBLIGATED ON YOUR REAL PROPERTY SECURITY TO OBTAIN A LOAN A PORTION OF WHICH MAY BE EXPENDED FOR OTHER PURPOSES THAN IMPROVIEMENT OF THE LAND.**

BOMOR ENTERPRISES, LLC
A Nevada limited liability company

By: _____
Eddy Akel
Manager

*See Attached*
*Jet -*
*Jim*

RUFFIN ROAD VENTURE LOT 6
a Nevada corporation

By: _____
Teresa D. Tucker
Director/Chief Financial Officer

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  
County of ___San Diego___  
On ___6-15-17___ before me, ___Jana Dee Miller, Notary Public___,  
    Date                                   Here Insert Name and Title of the Officer  
personally appeared ___Eddy Akel___  
                                       Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____  
              Signature of Notary Public

[Notary Seal: JANA DEE MILLER, Notary Public – California, San Diego County, Commission # 2186633, My Comm. Expires Apr 11, 2021]

Place Notary Seal Above

———————————— **OPTIONAL** ————————————

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**  
Title or Type of Document: _____  
Document Date: _____ Number of Pages: _____  
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**  
Signer's Name: _____  
☐ Corporate Officer — Title(s): _____  
☐ Partner — ☐ Limited ☐ General  
☐ Individual      ☐ Attorney in Fact  
☐ Trustee        ☐ Guardian or Conservator  
☐ Other: _____  
Signer Is Representing: _____

Signer's Name: _____  
☐ Corporate Officer — Title(s): _____  
☐ Partner — ☐ Limited ☐ General  
☐ Individual      ☐ Attorney in Fact  
☐ Trustee        ☐ Guardian or Conservator  
☐ Other: _____  
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____San Diego_____ )

On __June 23, 2017__ before me, __Jennie M. Kogak, Notary Public,__
(insert name and title of the officer)

personally appeared __Teresa D. Tucker,__
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JENNIE M. KOGAK
Notary Public - California
San Diego County
Commission # 2041270
My Comm. Expires Oct 3, 2017

Signature _____ (Seal)

Subordination Agent.

EXHIBIT "A"

LEGAL DESCRIPTION

PARCEL 1:

LOT 6, OF THE RUFFIN BUSINESS CENTER, IN THE CITY OF SAN DIEGO, COUNTY OF SANDIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 11424, FILED IN THEOFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, SAN DIEGO COUNTY, JANUARY 23, 1986.

PARCEL 2:

AN UNDIVIDED ONE-SIXTH FEE SIMPLE INTEREST AS A TENANT IN COMMON IN LOT 7 (THE"COMMON AREA") OF THE RUFFIN BUSINESS CENTER, IN THE CITY OF SAN DIEGO, COUNTYOF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 11424, FILED INTHE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JANUARY 23, 1986.

PARCEL 3:

A NONEXCLUSIVE EASEMENT APPURTENANT TO PARCEL 1 OVER A PORTION OF THE COMMONAREA FOR THE PLACEMENT, MAINTENANCE, AND REPAIR OF AIR-CONDITIONING MACHINERYAND EQUIPMENT SHOWN AS HVAC NONEXCLUSIVE JOINT USE AREA "C" ON EXHIBIT "A" TO THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS ("DECLARATION"), RECORDED APRIL 11, 1986 IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, RECORDER'S INSTRUMENT NO. 86-140723. THE EASEMENT INCLUDES THE RIGHT OF THE OWNER TO INSTALL, MAINTAIN, AND REPAIR CONDUIT OVER THE MOST PRACTICAL ROUTE FROM PARCEL 1 TO THE AIR-CONDITIONING MACHINERY AND EQUIPMENT LOCATED IN THE COMMON AREA.

APN 421 380 06